UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01789-SSS-KKx | Date | January 6, 2023 |
|---|---|---|---|
| Title | Sonya Valenzuela v. Papa Murphys International, LLC, et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [DKT. 17]**

Before the Court is Plaintiff Sonya Valenzuela's Application for Leave to File Under Seal (the "Application") the Confidential Settlement Agreement (the "Agreement") between Valenzeula and Defendant Papa Murphys International, LLC ("Papa Murphys"). [Dkt. 27]. Valenzuela attached the redacted version of the Agreement to her Application. [Dkt. 17-2]. Valenzuela further attached the unredacted version of the Agreement to the Declaration of Scott J. Ferrell. [Dkt. 18-1]. For the following reasons, Valenzuela's Application is **DENIED WITHOUT PREJUDICE.**

In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties may overcome the presumption favoring public access by demonstrating there are sufficiently compelling reasons that outweigh the public's interest. *San Jose Mercury News, Inc. v. U.S. District Court–Northern District (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999). The Court must balance the competing private interests of the parties requesting the records be sealed and

the public's interest in the content of the records at issue. *Ctr. for Auto Safety*, 809 F.3d at 1097. Additionally, pursuant to Local Rule 79-5.2.2(a)(ii)–(iii), a party seeking to seal a document must include a "proposed order, narrowly tailored to seal only the sealable material" and "a redacted version" of the document.

Here, Valenzuela requests to file the entire Agreement under seal. [Dkt. 17-2]. Valenzuela contends that there are compelling reasons to file the Agreement under seal because of the "state's interests in promoting settlements, which would be hampered if confidential settlement terms, including any monetary sum to be paid to a plaintiff, was to be made public." [Dkt. 17 at 3]. Moreover, Valenzuela argues the disclosure of the Agreement would unfairly prejudice Papa Murphys' ability to defend and dispose of future lawsuits, in addition to undermining the terms of the Agreement identifying it as confidential. [Dkt. 17 at 4]. Valenzuala further states that sealing the Agreement would not prejudice the putative class because (1) the action was not publicized, therefore it is "highly unlikely" that class members would know of the action or relied on it in anyway; (2) the statute of limitations is not approaching; and (3) the parties "made no settlement or concessions of class interests in order to resolve Plaintiff's individual claims." [Dkt. 17 at 5].

First, that Valenzuela and Papa Murphys designate the Agreement as "confidential" is insufficient to show that the parties interest in privacy outweighs the public's interest. *Watson v. Ocwen Loan Servicing, LLC*, No. 18-cv-00273, 2018 WL 6220011, at *2 (C.D. Cal. Apr. 25, 2018) (collecting cases). For example, subsections "A" and "B" to the "Recitals" section merely summarizes the basis for the action—information that is already made public by the Complaint. [Dkt. 18-1 at 2]. Moreover, the bulk of the Agreement consists of boilerplate language that does not appear to consist of financial information or information that would otherwise prejudice Papa Murphys in future litigation. *See, e.g.*, *Dominion Assets LLC v. Masimo Corp.*, No. 12-cv-02773-BLF, 2014 WL 12606653, at *2 (N.D. Cal. May 9, 2014) ("[E]ven though the Court recognizes that portions of these agreements are likely sealable, the Court is not persuaded that each agreement is sealable in its entirety, as each appears to contain boilerplate contract language."). At most, the Court notes that the settlement amount as well the payment instructions are clearly confidential and not relevant to the public. [Dkt. 18-1 at 2–3]. Accordingly, the Court finds that, because portions of the Agreement are of interest to the public and the Application is not narrowly tailored, there is no basis for redacting the entirety of the Agreement.

Accordingly, Valenzuela's Application is **DENIED WITHOUT PREJUDICE**.  Thereby, should Valenzuela still wish to request dismissal of the matter which requires court approval, Valenzuela may refile the Application to Seal, addressing the concerns above, along with a Stipulated Request for Dismissal and proposed order.

**IT IS SO ORDERED**.